TotteN, J.,
delivered tbe opinion of tbe court.
This is a motion against tbe late sheriff and bis sureties for an insufficient return. The execution in favor of White, tbe plaintiff in this motion, against Edwin W. Hickman and others, for one thousand seven hundred and fifty dollars and eleven cents, was issued from tbe circuit court of Davidson, on tbe 5th July, 1851, on which the sheriff made this return: “ Came to hand same day issued; not satisfied; 10th Sept., 1851.”- An alias execution was issued, under which land was levied upon and sold, and the nett proceeds, two hundred and forty-nine dollars and fifty-nine cents, paid to the plaintiff. A plumes execution was issued and levied upon slaves, and the sale was injoined in chancery at the instance of P. B. Hickman. There was judgment against the sheriff and his sureties, and they have appealed in error to this court.
1. The return “not satisfied,” without assigning any reason for it, is, of course, insufficient, and the sheriff, when he made that return, became and was liable to a motion, under the statute of 1839, eh. 19, § 6, for an wisufficient refown.
2. If the plaintiff cause an alias fieri facias to issue, and receive part of his judgment, that is no release of the liability of the sheriff for the balance of.the judgment, and the damages given by the statute; and is no waiver of the plaintiff’s motion against him to enforce it; Doyle vs. Elwin, 4 Humph. R., 309.
Certainly the liability of the debtor continues, and there can be no reason why an attempt to enforce it, shall release the plaintiff’s right to a motion against the sheriff, that accrued to him by reason of the sheriff’s malfeasance or non-feasance in office; for it is to his *444 advantage that the judgment be paid by tbe debtor. It is true, that in such case the sheriff would still be liable for the twelve and a half per omit, damages, given by the statute as a penalty, notwithstanding the debtor had satisfied the judgment against him, after the sheriff’s liability accrued. But if the creditor collect all or any portion of the judgment, the sheriff is entitled to a credit for the amount collected; otherwise, the creditor would receive a double payment, which the statute giving the motion did not intend. This is not like Trigg vs. McDonald, 2 Humph. R., 386. That was a motion for a false return, and it appeared that the sheriff had made four hundred and sixty-four dollars and forty-seven cents, which was paid to the plaintiff at the return of this writ; with a full knowledge on his part, as we are to presume, of all the facts in the case. He thereon made his motion for a false return, and the motion was denied upon this and other grounds.
The money was received upon the same return that the creditor impeached; and as he thought proper, in view of the facts of the case, to take a benefit under the return, and thereby, in effect, to sanction it, that was considered a waiver of his right to the motion. Such, we consider, is the doctrine of that case, and we refer to it for no other purpose than to distinguish it from the present. Here the money was received on an alias execution, not on the one where the return is impeached as insufficient.
3. It is said that the bond was not recorded in the county court. It does not appear whether it was recorded or not. The record exhibits an attested copy, and it appears that the bond was properly given and acknowledged before the county court. If it were not recorded, that *445 would be immaterial; for the defect is cured by statute 1844, cli. 103, §§ 11 and 14. ¥e consider that this statute, though somewhat obscurely worded, applies to the official bonds of sheriffs, constables, &c., and is not confined to revenue bonds merely. The 11th section speaks of “ the bonds of all officers ” taken by the county court; and the 14th section, of suits or motions on official bonds, at the instance of the State or a prmate person. Now, this section cures most, if not all the formal defects in official bonds, heretofore indicated in the judgments of this court; and declares that such bonds shall be considered as statutory in the same manner as if taken in strict conformity to the several statutes on the subject. It need not appear that the bond was recorded. "We think it very clear that the sheriff is liable to the motion, and order the judgment to be affirmed.
Judgment affirmed.